___FILED ___ENTERED
___LODGED ___RECEIVED

JAN - 5 2010

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**HORACE LINTON BROWN**       *
                              *
    Petitioner           *
                              *
                              *   Civil No. PJM 09-29
v.                            *   Criminal No. PJM 06-140
                              *
**UNITED STATES OF AMERICA**  *
                              *
    Respondent           *
                              *

## OPINION

Horace Brown, through counsel, has filed a Motion to Vacate, Set Aside, or Correct His Sentence pursuant to 28 U.S.C. § 2255, alleging denial of due process of law and ineffective assistance of counsel. Having considered the Motion and the Government's Opposition, the Court **DENIES** the Motion.

### I.

On February 13, 2003, two FBI special agents arrived unannounced at Brown's home in Clinton, Maryland, with grounds to believe that Brown possessed child pornography. Brown agreed to let the agents into his home and showed them his computer. During the visit, Brown voluntarily disclosed that he had subscribed to a website with the name "Boys Will Be Boys," an undercover law enforcement website modeled after a dismantled site with the same name, featuring child pornography. Brown further stated that he stored illicit images of children on CD-ROMS which he created. With Brown's permission, the FBI agents removed Brown's computer and several CD-ROMS for further examination. Forensic review of these items revealed numerous video and graphic image files of children engaged in sexual acts. One CD-

ROM seized from Brown's home, in particular, contained 13 videos and 1430 graphic image files depicting child pornography.

On April 19, 2006, Brown pled guilty in this Court to possession of child pornography, a violation of 18 U.S.C. § 2252A(a)(5)(B). On September 25, 2006, he appeared before the Court for sentencing. At that time, Brown sought to withdraw his guilty plea, alleging that C.W., an unrelated minor, was in fact the one responsible for subscribing to and downloading pictures from the "Boys Will Be Boys" website when he was twelve-years-old. The court thereupon appointed C.W. a guardian ad litem and postponed Brown's sentencing and any ruling on Brown's motion to withdraw his guilty plea. On September 25, 2006, at the resumed sentencing hearing, the Court-appointed guardian ad litem indicated that C.W. would stand on his Fifth Amendment rights and not testify. The Court, however, assumed *arguendo* that C.W. was responsible for the acts to which Brown pled guilty, but the Court denied Brown's motion to withdraw his guilty plea because Brown's statements to the FBI during the February 2003 search established his guilt notwithstanding C.W.'s testimony as to his own culpability. Brown was sentenced to 48 months imprisonment followed by two years supervised release. On appeal of the Court's denial of his motion to withdraw his guilty plea to the Fourth Circuit, the Court's judgment was affirmed. *United States v. Brown*, 261 Fed. Appx. 494 (4th Cir. 2008). This post-conviction motion followed.

## II.

Brown claims he was denied due process of law because: (1) the Court refused to allow witness testimony at the hearing on his motion to withdraw his guilty plea; and (2) the Government denied him access to the files on the computer confiscated from his home and the Government's log files.

**A.**

A habeas petition may not be used to relitigate an issue already heard and rejected on direct appeal. *See Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976). In this case, on direct appeal of his conviction, Brown argued, as he does here, that the Court violated his due process rights by not allowing him to withdraw his guilty plea in light of C.W.'s proffered testimony. *Brown*, 261 Fed. Appx at 495-96. The Fourth Circuit held that Brown was unable to support his claims for two reasons. First, he failed to identify through proffer any relevant testimony not presented to the Court. Second, he failed to demonstrate that he was otherwise unable to assert legal innocence in light of the Court's finding that C.W.'s testimony would not have relieved him of culpability. *Id.* at 496. Because the issue of witness testimony was previously heard and rejected on direct appeal, his claim that he was denied due process of law will not be entertained in this habeas petition.

**B.**

Brown next argues that he was denied due process because the Government failed to grant him access to the files on the computer confiscated from his home and to the Government's log files. He asserts that this hindered his ability to identify material evidence that would have established his actual innocence. He also argues that lack of access to the Government's log files prevented him from being able to assess the Government's assertion that it had evidence to support a charge against him for distribution of child pornography – an assertion that Brown contends induced him to plead guilty to the lesser charge of possession of child pornography.

A petitioner's due process rights are violated if the Government fails to disclose exculpatory evidence. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). To show that such a

violation has taken place, the petitioner must prove that withheld evidence was: (1) favorable to him; (2) material; and (3) that the prosecution had the materials and failed to disclose them. *United States v. Sarihifard*, 155 F.3d 301, 309 (4th Cir. 1998). The materiality of evidence depends on a reasonable probability that the disclosure of the evidence would have changed the outcome of the case. *United States v. Kelly*, 35 F.3d 929, 936 (4th Cir. 1994).

The Court agrees with the Government that there is no reasonable probability that the disclosure of files on the confiscated computer would have changed the outcome of this case. Brown has neither alleged nor demonstrated that exculpatory evidence actually exists on the confiscated computer files. Further, any such evidence would not have changed the outcome of the case because during the February 2003 search of Brown's home, Brown voluntarily acknowledged that he possessed illicit images of children and a subsequent examination of his computer corroborated this information.

Nor is there evidence to support Brown's assertion that evidence exists in the Government's log files that would substantiate his allegation that the Government "threatened" to charge him with the more severe crime of distribution of child pornography. He offers no credible basis for the allegations that the Government threatened to file additional charges against him or that he pled guilty in response to these threats. Quite to the contrary, Brown signed the Plea Agreement directly below the statement that "no one threatened or forced me in any way to enter into this agreement." Moreover, the Court twice asked Brown during the plea hearing whether anyone had threatened or coerced him to agree to the plea agreement, and both times he responded in the negative. Finally, the potential for additional charges being brought against him has no bearing on Brown's actual guilt of the offense to which he pled guilty.

Brown was not denied due process of law in connection with his own or the Government's computer materials.

### III.

Brown's other claim is that he was denied ineffective assistance of counsel because trial counsel failed to: (1) preserve evidence; (2) advise him of the possibility of imprisonment; and (3) file a motion for discovery on his behalf.

A successful claim of ineffective assistance of counsel requires a showing that: (1) "counsel's performance was deficient;" and (2) "the deficient performance prejudiced the outcome of the trial." *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Roach v. Martin*, 757 F.2d 1436, 1476-77 (4th Cir. 1985). Counsel's performance is deficient if it falls "below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687-88. Courts, however, are instructed to give counsel a strong presumption of performance falling within a wide range of professional competence. *Id.* at 690.

A court will find counsel's performance prejudicial if a defendant shows "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. However, when a challenged conviction occurs after the defendant has pled guilty, the defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial." *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1998) (citing *Hill v. Harper*, 474 U.S. 52, 59 (1985)). A finding of prejudice alone is sufficient to dispose of a claim of ineffective assistance. *Strickland*, 466 U.S. at 697.

Brown, who knowingly and intelligently pled guilty, cannot establish the requisite prejudice under *Strickland*.

5

As to the claim that his attorney failed to record C.W.'s confession when the minor came to his office, Brown maintains that the failure to preserve C.W.'s confession via a sworn statement prevented him from being able to present evidence of his innocence in a form unassailable by C.W.'s assertion of his Fifth Amendment rights. Brown, however, is unable to show prejudice as a result of this alleged error. The opportunity to record C.W.'s confession only occurred *after* Brown decided to plead guilty. Therefore, Brown cannot establish that *but for* counsel's failure to record C.W.'s confession, there was a reasonable probability that he would have insisted upon going to trial.

As for the claim that trial counsel failed to advise him of the possibility of serving jail time, this claim also fails for a lack of resulting prejudice. The Plea Agreement, signed by Brown, clearly states that the statutory maximum penalty for the possession of child pornography is ten years imprisonment, three years of supervised release, and a fine of $250,000. The Plea Agreement also states that counsel cannot make a binding representation as to the sentence that a defendant will receive and that no such representation was made. Furthermore, at the Rule 11 Colloquy, the Court again advised Brown of the statutory maximum sentence for the crime for which he was charged, that the exact sentence could not be determined prior to Brown entering a plea, and that even if the sentence imposed was more severe than what he expected or what the Government recommended, he would not be permitted to withdraw his guilty plea. Brown responded that he understood. Any so-called "misleading" representations Brown alleges his counsel made regarding his potential sentence were clearly refuted by the Plea Agreement itself as well as by the Rule 11 Colloquy. Brown he has not shown that but for his attorney's representation, he would have not pled guilty.

Finally, Brown alleges ineffective assistance because counsel failed to file any motions for discovery on his behalf. As a result, Brown argues, he pled guilty without the benefit of knowing the strength of the Government's case against him. However, Brown has neither alleged nor shown that the Government possessed any exculpatory evidence that would have negated the Government's powerful evidence against him, namely his voluntary admissions to FBI agents that he possessed child pornography, the confiscated computer's corroboration of this confession, and the evidence of the monies Brown paid for access to illicit websites. From the outset, through his guilty plea and sentencing, Brown never raised the suggestion of exculpatory evidence; ultimately he declared to the Court that he had decided to plead guilty because he was in fact guilty.

Brown's claims of ineffective assistance of counsel are without merit.

### IV.

Brown's Motion pursuant to 28 U.S.C. § 2255 is **DENIED**.

A separate Order will **ISSUE**.

January 4, 2010

_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE